UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA VANWOERKOM,

    Plaintiff,

v.

OLIVE GARDEN HOLDINGS, LLC,
a foreign limited liability company,
doing business in Michigan

    Defendant.

Case No.

Hon.

Removed from:
Wayne County Circuit Court
Case No. 25-011637-NO

## NOTICE OF REMOVAL

Defendant Olive Garden Holdings, LLC, ("Defendant"), through its counsel Dykema Gossett PLLC, pursuant to 28 U.S.C. § 1441, removes this action from the Wayne County Circuit Court to the United States District Court for the Eastern District of Michigan, Southern Division. In support of this Notice of Removal, Defendant states as follows:

**PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL**

1. On July 29, 2025, Plaintiff Linda Vanwoerkom ("Plaintiff") commenced this action against Defendant in the Wayne County Circuit Court, Case No. 2025-011637-NO.

2. On or about August 4, 2025, Defendant received copies of Plaintiff's Summons and Complaint. These pleadings constitute all process, pleadings, and orders received by Defendant in this action, and are attached to this Notice of Removal as Exhibit A. Defendant files this Notice of Removal without waiving any defenses available under Fed. R. Civ. P. 12(b)(1)–(7).

3. Under 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which this removal is based.

4. For purposes of removal, the Wayne County Circuit Court is located in the Eastern District of Michigan, Southern Division. 28 U.S.C. § 102(a)(1). Thus, this Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

5. Defendant has submitted a Notice of Filing Notice of Removal and a copy of this Notice of Removal for filing with the Wayne County Circuit Court as required by 28 U.S.C. § 1446(d). Copies of the same have been served on Plaintiff's counsel as verified by the below proof of service.

## THIS COURT HAS DIVERSITY JURISDICTION

6. This case is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), which may be removed by Defendant under 28 U.S.C. § 1441, *et seq.*, because the amount in controversy exceeds the

sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees, and this action is between citizens of different states.

7. There is complete diversity between Plaintiff and Defendant.

8. At the time of filing the lawsuit, Plaintiff was a resident of the State of Michigan. (Ex. A, at ¶ 1.) Accordingly, Plaintiff is a citizen of Michigan for diversity purposes.

9. Defendant was, at the time of filing of the lawsuit, and still is, a citizen of Florida for diversity purposes.

10. For purposes of the Court's diversity jurisdiction, an LLC's citizenship is that of each of its members. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 586 n. 1 (2004) ("[T]he citizenship of each member of an LLC counts for diversity purposes.") (citations omitted); *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Nahid Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) ("A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members.") (collecting cases). The Sole Member of Olive Garden Holdings, LLC, is GMRI, Inc., a corporation organized under the laws of Florida with its principal place of business in the State of Florida. *See Moch v. N & D Rests., LLC*, 2024 WL 4213587, 2024 U.S. Dist. LEXIS 167532, at *1 (C.D. Cal. Sep. 16, 2024) (noting that GMRI, Inc. is a Florida corporation).

3

11. Therefore, Defendant is a citizen of the State of Florida for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

## THE AMOUNT IN CONTROVERSY IS SATISFIED

12. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2)(A) ("[T]he notice of removal may assert the amount in controversy"). While Defendant denies that Plaintiff is entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiff in the Complaint that the amount in controversy exceeds the jurisdictional threshold. *Id*. For example, Plaintiff alleges that she suffered "severe, painful and disabling personal injuries" including injuries to her right arm, sustaining a "considerable sums of money and time for hospital bills, doctor bills, medications and treatment of the injuries and will continue to do so in the future." (*See* Ex. A, ¶¶ 8, 10.) Plaintiff also seeks damages for humiliation, embarrassment, depression, and emotional distress. (*Id.*) Plaintiff's allegations, including, but not limited to the foregoing, make plain that the amount in controversy exceeds

4

$75,000, exclusive of interest and costs. Therefore, the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

13. Based on the foregoing, diversity jurisdiction exists under 28 U.S.C. § 1332. And this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a) because (1) there is complete diversity between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

WHEREFORE, Defendant serves Notice that this action has been removed to the United States District Court for the Eastern District of Michigan, Southern Division.

Respectfully submitted,

Dated: August 29, 2025    By: */s/ Jonathan Kama, Jr.*
James P. Feeney (P13335)
Jonathan Kama, Jr. (P83703)
*Attorneys for Defendant*
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
jfeeney@dykema.com
jkama@dykema.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and that a copy of same was mailed, by U.S. mail postage prepaid, to the following:

David C. Femminineo (P56471)
Bartosz A. Kmiec (P71669)
FEMMININEO ATTORNEYS, PLLC
*Attorneys for Plaintiff*
110 South Main Street
Mt. Clemens, MI 48083
(586) 954-9500

By: /s/ *Jonathan Kama, Jr.*
    Jonathan Kama, Jr. (P83703)

DYKEMA GOSSETT PLLC • 39577 Woodward Avenue, Suite 300, Bloomfield Hills, Michigan 48304